## 10270

### HARBY v. JENNINGS, MAYOR, *ET AL.*

#### (101 S. E. 649.)

1. MUNICIPAL CORPORATIONS—PURCHASE OF UTILITY PLANT "UPON A MAJORITY OF THE ELECTORS" APPLIES TO ACTUAL VOTERS.—Act February 11, 1918 (30 St. at Large, p. 801), sec. 1, providing that no purchase or construction of public utility shall be made except "upon a majority of the electors," does not require a majority of the qualified electors to vote in favor of purchase or construction of lighting plant before bonds can issue therefor; a vote in favor of construction or purchase by a majority of the qualified voters who voted at the election being sufficient in view of Const., art. VIII, sec. 5.

2. MUNICIPAL CORPORATIONS — BOARD OF COMMISSIONERS OF PUBLIC
WORKS ABOLISHED BY STATUTE.—In submitting to electors of city of
Sumter question of issuing bonds for construction or purchase of
lighting plant, it was not necessary to have electors vote for commis-
sioners of public works, since Act February 27, 1913 (28 St. at Large,
p. 208), abolished said board by repealing Civ. Code 1912, sec. 3016,
in so far as said city is concerned, and devolves duties of said board
upon city council.

3. MUNICIPAL CORPORATIONS—TIME FOR MATURITY OF BONDS NEED NOT
BE STATED IN BONDS NOR DETERMINED BY ELECTION.—Under Civ.
Code 1912, secs. 3015, 3050, and Act February 11, 1918 (30 St. at
Large, p. 801), it was not necessary that petition, election to deter-
mine question of issuing bonds for purchase or construction of light-
ing plant in city of Sumter, and bonds when issued should provide
that bonds should only mature at expiration of 40 years.

4. MUNICIPAL CORPORATIONS — STATUTE REPEALS PRIOR INCONSISTENT
STATUTE LIMITING TIME FOR MATURITY OF BONDS.—Since Act Febru-
ary 11, 1918 (30 St. at Large, p. 801), as to submission of question of
purchase or construction of a public utility by a city or town, con-
tains no provision specifying the time limit for the maturity of bonds,
the provision of Civ. Code 1912, sec. 3015, establishing a 40-year limit
for such maturity, is inconsistent, and must be regarded as repealed.

Before WILSON, J., Sumter, at chambers, August 22,
1919.   Affirmed.

Action by A. S. Harby against L. D. Jennings, Mayor, and
others.   Judgment for defendants, and plaintiff appeals.

The following opinion was delivered by Judge Wilson in
the Circuit Court:

This matter was heard by me at chambers with the con-
sent of all parties.   The pleadings are verified, and, as the
answer admits all the allegations of fact in the complaint,
there only remain to be decided the questions of law arising
therefrom.

Three questions are raised by the pleadings, and, briefly,
they are as follows: (a) Whether or not the petition, the
election, and the bonds when issued should necessarily pro-
vide that the said bonds should only mature at the expiration
of 40 years; (b) whether or not it was necessary to have
voted for commissioners of public works at the time the

question of issuing the bonds was voted on; (c) whether it required a majority of the qualified electors of the city to vote in favor of the purchase of the lighting plant before bonds could be issued therefor.

As the first question above indicated has given the Court the most concern, the said questions will be considered in an inverse order.

(c) Whether it required a majority of the qualified electors of the city to vote in favor of the purchase of the lighting plant, before bonds could be issued therefor. This question arises from the peculiar wording of the first proviso in section 1 of Act No. 463 of the Acts of 1918, said proviso being as follows: *"Provided,* That the question of such purchase or establishment shall be submitted to an election, and no such purchase or construction shall be made except upon a majority of the electors of such cities or towns who are qualified to vote on the bonded indebtedness of said cities or towns." This act has the apparent intention of providing by legislation for the construction or purchase of certain public utilities, including lighting plants, and of leaving to the cities and towns the same freedom in determining the details connected with the said construction and purchase as is contemplated in the ninth proviso of paragraph 7, of article VIII of the Constitution, when read in connection with paragraph 5 of said article. In fact, the proviso above quoted appears to be a verbatim quotation from paragraph 5 of article VIII, with the exception that the word "vote" is omitted from the act. The proviso of the act above quoted is capable of only two constructions. It either means that such construction or purchase cannot be made except upon the vote of a majority of the qualified electors of the city voting in favor thereof, or it means that such construction or purchase cannot be made except upon a majority vote of the qualified electors. To give this proviso the former construction would make it hostile to said paragraph five of article VIII of the Con-

stitution; while to give it the latter construction harmonizes it with said paragraph by virtue of which it appears to have been passed. I, therefore, hold that, since a majority of the qualified electors who voted at said election voted in favor of the construction or purchase, this ground submitted by the plaintiff cannot be sustained. 15 Cyc. 388.

(b) Whether or not it was necessary to have voted for commissioners of public works at the time the question of issuing the bonds was voted on. It appears that the city of Sumter had a board of commissioners of public works for the legislature in 1913, by Act No. 142, provides as follows: "*Be it enacted* by the General Assembly of the State of South Carolina, That the board of commissioners of public works in and for the city of Sumter be, and the same is hereby, abolished, and the duties heretofore imposed by law upon said board are hereby devolved upon the council of the city of Sumter." Then follows a repealing clause. This act clearly abolishes the said board in so far as the city of Sumter is concerned, and devolves the duties of such a board upon the city council. This repeals the provisions of section 3016 of the Code in so far as Sumter is concerned. If such board had been elected when the issue of bonds was voted on, then such board would have no duties to perform, as such had been devolved upon the city council, and their election would be a useless thing. Moreover, it was clearly the intention of section 3016 of the Code, in requiring the election of commissioners of public works at such bond elections, merely to provide that, upon the construction of or acquisition of such plants by a city, proper officials should be in existence to undertake their management and control. In the case of Sumter the city council by the statute above referred to is vested with all the powers and duties which could be exercised by a board of commissioners of public works, and, therefore, the election of such commissioners would be not only useless,

and unnecessary, but would create confusion and difficulty. In this connection, see the case of *Seegers v. Gibbes,* 72 S. C. 543, 52 S. E. 586.

(a) Whether or not the petition, the election, and the bonds, when issued, should necessarily provide that the said bonds should only mature at the expiration of 40 years.

It seems clear that sections 3015 and 3050 of the Code of 1912 are intended to be complete and comprehensive enabling acts to give active force to those sections of the Constitution which empower municipalities to acquire and operate public utilities of the sort here under discussion, and on account of the complete and comprehensive nature of these sections of the Code of 1912 it follows that Act No. 463 of the Acts of 1918, an act introduced by the judiciary committee, can have no reasonable meaning unless it is read throughout as an act intended to leave municipalities which desire to acquire any of the public utilities named as free as possible from all restraints in connection therewith except such as are imposed by the Constitution itself. This act expressly removes all limitations upon the amount of the bonded indebtedness that municipalities may incur for such purposes, and leave no limitation upon the exercise of the power except such as are embodied in the Constitution itself. This act, in view of its comprehensive form, must be regarded as largely meaningless and useless unless it is understood as the legislature's full and final statement of the manner in which a municipality may incur bonded indebtedness for the purposes specified, repealing by necessary implication and the terms of its repealing clause any provision of previous acts imposing limitations, not included in the later act itself, which purport to limit or restrict the exercise of such power by municipalities. The said act (Act No. 463 of the Acts of 1918) contains no provision specifying the time limit for the maturity of such

bonds. It follows that the provision of section 3015 of the Code of 1912 establishing a 40-year limit for such maturity is inconsistent with that act and must be regarded as repealed.

In connection with the point just discussed the following grounds have also been urged upon me by counsel for the defendants: First, that the language of section 3015 of the Code of 1912, which the plaintiff claims is applicable to this situation, is as follows: "Cities and towns may issue coupon bonds, bearing interest at a rate not to exceed six per centum per annum, payable in any legal tender money of the United States forty years after date * * *"—and that the use of the word "may," given its natural meaning, in this connection shows that this provision was intended to be permissive, and not mandatory, in so far as it mentions a 40-year limit for maturity. Second, that inasmuch as the acts of the legislature of other States are practically uniform in expressly making the time limit for the maturity of such bonds an outside or extreme limit, it is reasonable to suppose that, as the language used in section 3015 of the Code of 1912 will bear such a construction, it is to be read as establishing a maximum limit, and not one that is absolutely definite. These grounds, taken in connection with my opinion, previously expressed in the preceding paragraph, that any provision for a 40-year period of maturity for such bonds contained in section 3015 of the Code of 1912 is repealed by Act No. 463 of the Acts of 1918, confirm me in the opinion that the question first raised by the plaintiff must also be resolved in favor of the defendants. See, in this connection, *Peoples National Bank v. Ayer,* 24 Ind. App. 212, 56 N. E. 267; *Town of Rock Creek v. Strong,* 96 U. S. 271, 24 L. Ed. 815; *Howell v. McAden,* 94 U. S. 463, 24 L. Ed. 254.

It is, therefore, ordered, adjudged and decreed that the bonds issued in accordance with the facts of this case will

be in all respects legal, valid, and binding obligations of the city of Sumter. The prayer of the petitioner is, therefore, denied, and his petition hereby dismissed.

*B. D. Hodges,* for appellant.

*R. D. Epps,* for respondents.

PER CURIAM. The opinion of the Circuit Court is affirmed for the reasons therein stated. Let the remittitur go down at once.

MR. JUSTICE FRASER disqualified.